UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAYTON HORNBUCKLE and
SONYA HORNBUCKLE,

  Plaintiffs,

Case No. 10-14306

v.

Honorable Paul D. Borman
United States District Judge

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and
WELLS FARGO and SIGNATURE
GROUP HOLDINGS, INC. F/K/A
FREEMONT INVESTMENT AND LOANS,

  Defendants.

_____/

OPINION AND ORDER
GRANTING DEFENDANTS' MOTIONS TO DISMISS AND/OR FOR SUMMARY
JUDGMENT:

This matter is before the Court on Defendants' Motions to Dismiss and/or for Summary Judgment. Plaintiffs did not file a response to Defendants' Motions. The Court held a hearing on November 9, 2011 at which Plaintiffs did not appear. For the reasons that follow, the Court GRANTS Defendants' Motions to Dismiss and/or for Summary Judgment.

I.     INTRODUCTION

On September 19, 2005, Clayton Hornbuckle and Sonya Hornbuckle ("Plaintiffs") took out a residential loan (the "Loan") from Fremont Investment and Loans ("Fremont") to purchase the subject property, located at 27907 California Dr., Lathrup Village, MI 48076 (the "Property").

Fremont secured a note from Plaintiffs in the amount of $212,000 (the "Note"). As security for repayment of the loan, Plaintiffs granted a mortgage (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Fremont. On November 17, 2005, the Mortgage was recorded in Liber 36632, Page 419 with the Oakland County Register of Deeds.

On January 12, 2006, Fremont sent to Plaintiffs a Notice of Assignment, Sale, or Transfer of Servicing Rights.

On April 24, 2007, an assignment of mortgage was made and entered into from MERS as nominee for Fremont to Wells Fargo Bank, N.A. as Trustee Under Pooling and Servicing Agreement dated as of February 1, 2006, Securitized Asset Back Receivables LLC Trust 2006-FR1 Mortgage Pass-through Certificates, Series 2006-FR1 ("Wells Fargo"). On May 22, 2007, the assignment of mortgage was recorded in Liber 39162, Page 511 with the Oakland County Register of Deeds.

On May 7, 2007, Plaintiff Clayton Hornbuckle filed a Chapter 13 bankruptcy petition. On May 18, 2009, the bankruptcy court entered an order dismissing the Chapter 13 case.

On May 26, 2009, HomEq, the servicer for Wells Fargo, allegedly sent a notice of default to Plaintiffs because Plaintiffs had defaulted on the Loan by failing to make payments when they became due.[1] Wells Fargo instituted foreclosure proceedings by advertisement.

On July 30, 2009, Plaintiff Clayton Hornbuckle unsuccessfully attempted to convert the Chapter 13 action to a Chapter 7 action, as the Chapter 13 case had already been dismissed.

On August 4, 2009, Plaintiff Clayton Hornbuckle initiated an adversary proceeding against Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing. On August 17, 2009, the Bankruptcy Court dismissed the adversary case, noting that the Chapter 13 case had been dismissed.

---

[1]Plaintiffs claim to never have received a Notice of Default.

2

On September 22, 2009, the Property was sold at a Sheriff's Sale to Defendant Wells Fargo as the high bidder.

On March 29, 2010, Wells Fargo brought summary proceedings in the 46th District Court, State of Michigan, seeking to evict Plaintiffs.

On April 13, 2010, Plaintiff Clayton Hornbuckle filed a Chapter 7 bankruptcy petition. An automatic stay of the eviction proceedings was put into effect.

On May 19, 2010, Plaintiff Clayton Hornbuckle filed an emergency motion to reopen the Chapter 13 case. On May 23, 2010, the bankruptcy court entered an order denying the emergency motion.

On May 22, 2010, the six-month statutory redemption period ended without redemption having occurred.

On May 26, 2010, the bankruptcy court entered an order granting Wells Fargo's motion for Relief from the Stay, allowing the eviction proceedings against Plaintiffs to resume.

On August 23, 2010, Plaintiffs filed an Answer, Affirmative Defenses, and Counterclaims in the summary proceedings in the 46th District Court. Wells Fargo then filed a Motion for Summary Disposition. After a hearing, the court granted Wells Fargo's motion, dismissed Plaintiffs' counterclaims without prejudice, and entered a judgment for possession of the Property in favor of Wells Fargo. Plaintiffs timely appealed, but the Circuit Court for the County of Oakland dismissed Plaintiffs' appeal with prejudice for failure to file a brief.

On October 26, 2010, Plaintiffs filed this lawsuit.

On or about October 29, 2010, Plaintiffs were evicted and the Property was in Wells Fargo's possession.

On July 17, 2011, Defendant Fremont filed a Motion to Dismiss and/or For Summary Judgement. On August 19, 2011, Defendants MERS and Wells Fargo filed a response in which they concur with Defendant Fremont's motion. On August 26, 2011, Defendants MERS and Wells Fargo filed a Motion to Dismiss and/or For Summary Judgement.

## II.    STANDARDS OF REVIEW

### A.    Federal Rule of Civil Procedure 12(b)(6) and 12(c)

The standards for reviewing motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are the same as those applied in considering motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 487 F.3d 471, 476 (6th Cir. 2008). Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal citations omitted). Dismissal is only appropriate if the plaintiff has failed to offer

4

sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The

Supreme Court clarified the concept of "plausibility" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create

speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to

relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965).

Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations

respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*,

500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

In addition to the allegations and exhibits of the complaint, a court may consider "public

records, items appearing in the record of the case and exhibits attached to defendant's motion to

dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained

therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259

F.3d 493, 502 (6th Cir. 2001)); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d

1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a

defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

document.") (citations omitted).

**B.      Federal Rule of Civil Procedure 56**

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

## III. ANALYSIS

### A. General Arguments

#### 1. Standing

"In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue." *Zurich Ins. Co., v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir.2002) (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir.1996)). To establish standing, a plaintiff is required to "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Maiberger v. City of Livonia*, 724 F. Supp.2d 759, 767-68 (E.D. Mich. 2010) (citing *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 291 (6th Cir. 2006)).

Defendants argue that Plaintiffs lack standing to challenge the foreclosure, and therefore all of Plaintiffs' claims should be dismissed. Counts **II** (Violations of Real Estate Settlement

Procedures Act ("RESPA") 12 U.S.C. §2601-2617), **IV** (Federal Civil RICO: 18 U.S.C. §1962, 1964), and **X** (Intentional Infliction of Emotional Distress) of Plaintiffs' Complaint, however, do not challenge the foreclosure and are not dismissed on the ground that Plaintiffs lack standing.

Moreover, Defendants argue that Plaintiffs lack standing on the ground that once the redemption period expired, Plaintiffs' rights in and title to the Property were extinguished. With the exception of Count **VII** (Equitable Relief to Set Aside Sheriff's Deed), however, the Counts in Plaintiffs' Complaint can reasonably be read to seek monetary damages. The monetary damages are not predicated upon Plaintiffs having rights in and title to the Property. Thus, Defendants' argument that Plaintiffs lack standing only address Count **VII** (Equitable Relief to Set Aside Sheriff's Deed) of Plaintiffs' Complaint. Accordingly, Counts **I** (Affirmative Action Under U.C.C. 9-625), **III** (Violations and Breach of MCL 600.3204 *et seq.*), **V** (Violation of the Automatic Stay Under 11 U.S.C. 362), **VI** (Slander of Title), **VIII** (Unjust Enrichment Allegations Against Wells Fargo), and **IX** (Breach of Contract Allegations Against Wells Fargo) are not dismissed on the ground that Plaintiffs lack standing.

Count **VII** (Equitable Relief to Set Aside Sheriff's Deed) of Plaintiffs' Complaint seeks to have the Sheriff's Sale set aside. Defendants argue that once the redemption period expired, Plaintiffs' rights in and title to the Property were extinguished. Defendants are correct, *see, e.g., Keybank Nat. Ass'n v. Americquest Mortg. Co*, 2004 WL 1057814 (Mich. Ct. App. 2004) (citing MCL 600.3240), but the argument presupposes a valid foreclosure. Otherwise, statutory foreclosures could never be set aside once the redemption period had expired. While "statutory foreclosures should not be set aside without very good reason," *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997) (citing *Markoff v. Tournier*, 229 Mich. 571, 575 (1925)) it is possible

for courts to set statutory foreclosures aside.  Accordingly, the Court determines that Plaintiffs have standing.

### 2.     *Rooker-Feldman* **Doctrine**

Defendants MERS and Wells Fargo argue that Plaintiffs' claims are barred by the *Rooker-Feldman* Doctrine.  The *Rooker-Feldman* Doctrine derives its name from two United States Supreme Court cases interpreting 28 U.S.C. §1257(a), which vests review of state court judgments in the Supreme Court.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  "[28 U.S.C. §1257(a)] is designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision." *Kovacic v. Cuyahoga County Dept of Children and Family Services*, 606 F.3d 301, 308 (6th Cir. 2010).

Plaintiffs seek, in part, to have the Court render the Sheriff's Sale void and grant Plaintiffs fee simple title to the Property.  The 46th Judicial District Court of Michigan, however, entered a judgment in favor of Defendant Wells Fargo against Plaintiff in regards to possession of the Property.  Plaintiffs' claims attacking the validity of the foreclosure would require the Court to reverse the state court's judgment.  To the extent that Plaintiffs' claims seek  reversal of  the state court's judgment, the Court does not have subject matter jurisdiction over the claims pursuant to the *Rooker-Feldman* Doctrine. *See Givens v. Homecomings Financial*, 278 F. App'x 607, 609 (6th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Thus, the counts that would require the Court to determine the  validity of  the foreclosure, Counts **I** (Affirmative Action Under U.C.C. 9-625), **III** (Violations and Breach of MCL 600.3204 *et seq.*), **V** (Violation of the Automatic Stay Under 11 U.S.C. 362), **VI** (Slander of Title), **VII** (Equitable Relief

to Set Aside Sheriff's Deed), **VIII** (Unjust Enrichment Allegations Against Wells Fargo), and **IX** (Breach of Contract Allegations Against Wells Fargo), are dismissed on the grounds that the Court is deprived of subject matter jurisdiction by the *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* Doctrine does not apply, however, to claims that are independent of the state court's judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (citing *Pittman v. Cuyahoga County Dep't of Children and Family Serv.*, 241 F. App'x. 285, 287 (6th Cir.2007)). The Court must determine the "source of the injury." *Id.* (citing *McCormick*, 451 F.3d at 394-95). If the source of the alleged injury is not the state court's decision, the claims are considered independent, and the *Rooker-Feldman* Doctrine does not apply. *Id.* (citing *McCormick*, 451 F.3d at 394-95).

Counts **II** (Violations of Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §2601-2617), **IV** (Federal Civil RICO: 18 U.S.C. §1962, 1964), and **X** (Intentional Infliction of Emotional Distress) are independent claims under the *Rooker-Feldman* Doctrine analysis because the source of the alleged injury is not the state court's decision. *See id.* (citing *McCormick*, 451 F.3d at 394-95). More specifically, the Counts are not predicated upon the validity of the foreclosure. Accordingly, the *Rooker-Feldman* Doctrine does not deprive the Court of subject matter jurisdiction over Counts **II** (Violations of Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §2601-2617), **IV** (Federal Civil RICO: 18 U.S.C. §1962, 1964), and **X** (Intentional Infliction of Emotional Distress), and therefore the Counts are not barred by the *Rooker-Feldman* Doctrine.

### 3. *Res Judicata*

A federal court hearing a case based on diversity jurisdiction applies the law of the state in which it sits in determining the application of *res judicata*. *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291,

10

303 (6th Cir. 2011) (citing *Taveras v. Taveras*, 477 F.3d 767, 783 (6th Cir. 2007)). Michigan

employs a "broad view of *res judicata*." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 817

(6th Cir. 2010) (quoting *In re MCI Telecommunications Complaint*, 460 Mich. 396, 431 (1999)).

In Michigan, *res judicata* bars a subsequent action when (1) the prior action was decided on the

merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case

was, or could have been, resolved in the first. *Abbot v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007)

(citing *Adair v. State*, 470 Mich. 105, 121 (2004)). *Res Judicata* bars not only claims already

litigated, but claims arising from the same transaction that the parties, exercising reasonable

diligence, could have raised but did not. *Dart v. Dart*, 460 Mich. 573, 586 (1999).

Defendants argue that Plaintiffs' claims satisfy the elements of *res judicata* because it the

claims were litigated in the 46th District Court. Plaintiffs' claims in the 46th District Court,

however, were dismissed without prejudice. In Michigan, a dismissal without prejudice is not an

adjudication on the merits. *Yeo v. State Farm Fire and Cas. Ins. Co.*, 242 Mich. App. 483, 484

(2000). Therefore, the first element required for the application of *res judicata* is not met, and

Plaintiffs' claims are not barred by *res judicata*.[2]

     **B.**    **Specific Arguments**

          **1.**    **Count I (Affirmative Action Under U.C.C. 9-625), Count III (Violations and Breach of MCL 600.3204 *et seq*.), Count VII (Equitable Relief to Set Aside Sheriff's Deed) and Count VIII (Unjust Enrichment against defendant Wells Fargo)**

Counts **I** (Affirmative Action Under U.C.C. 9-625), **III** (Violations and Breach of MCL

---

[2]Plaintiffs filed an appeal that was dismissed because Plaintiffs failed to timely file a brief. Although the dismissal was with prejudice, it was not a decision based on the merits of the case.

600.3204 *et seq.*), **VII** (Equitable Relief to Set Aside Sheriff's Deed) and **VIII** (Unjust Enrichment against defendant Wells Fargo) all seek remedies based on the same theory: Defendants did not properly foreclose on the Property. Plaintiffs argue that Defendant Wells Fargo was not the owner of the indebtedness, and therefore could not foreclose by advertisement. Defendants respond that the mortgage included a power of sale, and therefore Defendant Wells Fargo was entitled to foreclose by advertisement.

A power of sale is necessary to foreclose by advertisement, but, contrary to Defendants' contention, not sufficient. The statute provides that "[e]very mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, *in the cases and manner specified in this chapter*." MCL 600.3201 (emphasis added). One prerequisite to foreclosing by advertisement is that the "party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." MCL 600.3204. At the origination of the Loan, Defendant MERS was the mortgagee and Defendant Fremont, the lender, was the holder of the note. Defendant MERS, in accordance with the terms of the mortgage, later transferred its interest to Defendant Wells Fargo. Wells Fargo, "as assignee of the mortgage, only held an interest in the property as security for the note, but did not hold an interest in the note." *Bakri v. Mortgage Electronic Registration System*, 2011 WL 3476818 at *5 (Mich. Ct. App. 2011). Thus, Wells Fargo was not entitled to foreclose on the Property by advertisement. *See id.* (concluding that summary disposition in favor of defendants was improper because defendant was not authorized to foreclose by advertisement). Accordingly, Counts **I** (Affirmative Action Under U.C.C. 9-625), **III** (Violations and Breach of MCL 600.3204 *et seq.*), **VII** (Equitable Relief to Set Aside Sheriff's Deed) and **VIII** (Unjust

12

Enrichment against defendant Wells Fargo) are not dismissed on this ground because Defendant Wells Fargo was not the owner of the indebtedness, and therefore could not foreclose by advertisement.

### 2. Count II (Violation of Real Estate Settlement Procedures Act ("RESPA") against defendant Fremont Investment and Loan)

Plaintiffs allege that Defendant Fremont violated §2607(a) of the Real Estate Settlement Procedures Act ("RESPA") based on the circumstances surrounding Defendant Fremont giving the mortgage broker a yield spread premium. The violation is alleged to have occurred on September 19, 2005. Claims alleging violations of §2607(a), however, must be brought within one year from the date of the violation in accordance with 12 U.S.C. §2614, which states, in pertinent part, "[a]ny action pursuant to the provisions of section . . . 2607 . . . of this title may be brought . . . within 1 year . . . from the date of the occurrence of the violation . . . ." Plaintiffs did not bring an action for violation of RESPA until October 26, 2010, well beyond the one year limitation. Accordingly, Count II (Violations of Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §2601-2617) is dismissed because it is time barred.

### 3. Count IV (Federal Civil RICO: 18 U.S.C. §1962, 1964))

To state a claim under the Racketeer Influenced and Corrupt Organizations statute ("RICO"), a plaintiff must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). The heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure apply to RICO claims. *Leeds v. City of Muldraugh, Meade County, KY*, 174 F. App'x 251, at *2 (6th Cir. 2006). Thus, Plaintiffs, at a

minimum, "must allege the time place and contents of the misrepresentations upon which they relied." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)). Plaintiffs, however, only make bald assertions. Accordingly, Count **IV** (Federal Civil RICO: 18 U.S.C. §1962, 1964) is dismissed.

**4.      Count V (Violation of the Automatic Stay Under 11 U.S.C. 362)**

Plaintiffs allege that the foreclosure was in violation of the automatic stay provided by 11 U.S.C. §362.  Plaintiff Clayton Hornbuckle's Chapter 13 bankruptcy action was dismissed on May 18, 2009, and the automatic stay was terminated.  The foreclosure proceedings began on May 26, 2009, and the Sheriff's Sale occurred on September 22, 2009.  Plaintiff then filed a Chapter 7 bankruptcy petition on April 13, 2010, and an automatic stay was put into effect.  On may 26, 2010, the bankruptcy court granted Defendant Wells Fargo's Motion For Relief from Automatic Stay.  On or about October 29, Plaintiffs were evicted from the Property.  Thus, Defendant did not violate any automatic stay.  Accordingly, Count **V** (Violation of the Automatic Stay Under 11 U.S.C. 362) is dismissed.

**5.      Count VI (Slander of Title)**

Plaintiffs contend that the Sheriff's Deed is void, and therefore Defendants are liable for slandering the title to the Property for recording the deed.  Plaintiffs, however, are time-barred from asserting a claim for slander of title.  MCL 600.5805(1) states "[a] person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section."  Pursuant to MCL 600.5805(9), the time prescribed for an action charging slander is 1 year.  Thus, Plaintiffs are barred from bringing a slander to title action

14

more than 1 year after the claim first accrued. MCL 600.5827 provides, in pertinent part, that "the claim accrues at the time the wrong upon which the claim is based regardless of the time when damage results." The wrong upon Plaintiffs' slander of title claim is based is the recording of the Sheriff's Deed, which occurred on September 29, 2009. Plaintiffs did not file suit until October 26, 2010, more than one year after the recording of the deed. Thus, Count **VII** (Slander of Title) is dismissed.

### 6.      Count X (Intentional Infliction of Emotional Distress)

Under Michigan law, the elements of intentional infliction of emotional distress are (1) extreme or outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. *Webster v. United Auto Workers, Local 51*, 394 F.3d 436, 442 (6th Cir. 2005). "In ruling on such a claim, 'it is initially for the [trial] court to determine whether the defendant's conduct reasonably may be regarded as so extreme and outrageous as to permit recover.'" *Id.* (quoting *Doe v. Mills*, 212 Mich.App. 73, 92 (1995)). Plaintiff contends "the conduct of the defendants to cut down on the recordation fees and immobilize the Lien was extreme and outrageous . . . ." (Compl. ¶ 79.) The Court should disagree. "The threshold for showing extreme and outrageous conduct is high." *VanVaorous v. Burmeister*, 262 Mich.App 467, 481 (2004). Plaintiffs do not have a claim for intentional infliction of emotional distress because the Court find, as a matter of law, that Defendants' conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602 (2004)). As such, Count **X** (Intentional Infliction of Emotional Distress) is dismissed.

## IV.    CONCLUSION

Count **I** (Affirmative Action Under U.C.C. 9-625), Count **III** (Violations and Breach of MCL 600.3204 *et seq.*), Count **V** (Violation of the Automatic Stay Under 11 U.S.C. 362), Count **VI** (Slander of Title), Count **VII** (Equitable Relief to Set Aside Sheriff's Deed), Count **VIII** (Unjust Enrichment against defendant Wells Fargo), and Count **IX** (Breach of Contract Allegations against defendant Wells Fargo) are dismissed because the Counts are barred by the *Rooker-Feldman* Doctrine.

Moreover, Count **V** (Violation of the Automatic Stay Under 11 U.S.C. 362) is dismissed because there is no genuine issue of material fact, and Count **VI** (Slander of Title) is dismissed because it is time-barred.

Count **II** (Violation of Real Estate Settlement Procedures Act ("RESPA") against defendant Fremont Investment and Loan) is dismissed because it is time-barred.

Count **IV** (Federal Civil Rico: 18 U.S.C. §1964, 1962) is dismissed because Plaintiffs' Complaint did not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

Count **X** (Intentional Infliction of Emotional Distress) is dismissed because Plaintiffs have failed to state a claim upon which relief may be granted.

Accordingly, the Court GRANTS Defendants' Motions to Dismiss and/or for Summary Judgment.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 11–10-11